UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-33815 |
| | § | CHAPTER 7 |
| KOONTZ-WAGNER CUSTOM | § | |
| CONTROLS HOLDINGS LLC, | § | |
|    *Debtor* | § | |
| | § | |
| RODNEY D. TOW, CH 7 TRUSTEE | § | |
| FOR KOONTZ-WAGNER CUSTOM | § | |
| CONTROLS HOLDINGS LLC, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 20-03274 |
| KASTEN BLASTING & COATING LLC, | § | |
|    *Defendant* | § | |

## ANSWER

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant Kasten Blasting & Coating LLC (hereinafter "Kasten") respectfully files this answer under Federal Rule of Civil Procedure 8 to the Chapter 7 Trustee's "Original Complaint" (hereinafter "the Complaint"). (Docket No. 1).

### Jurisdiction and Venue

1. Kasten admits paragraph 1 of the Complaint.

2. Kasten admits paragraph 2 of the Complaint.

3. Kasten admits paragraph 3 of the Complaint.

4. Kasten admits paragraph 4 of the Complaint that the Trustee consents to entry of a final judgment. Consent is not required for a preference cause of action.

## Nature of Action

5.     Regarding paragraph 5 of the Complaint, Kasten admits the code sections under which the Trustee seeks relief, but denies that the Trustee is entitled to any of his requested relief. Kasten is a small, family owned business which processed at least ten (10) orders for Debtor during the last year prior to bankruptcy. Three (3) of those pre-petition orders totaling $27,475.00 were never paid. Kasten received payment on five (5) of these orders prior to the 90-day preference period. Kasten received payment on two (2) of these orders during the 90-day preference period totaling $30,050.00. The Trustee files this Complaint to recover those two (2) payments. However, the transactions between Debtor and Kasten are consistent before the 90-day preference period, and during the 90-preference period. The terms of the purchase orders, invoices, time to complete the job, and time from invoice to receipt of payment are all consistent. For example, the time period from invoice date to date payment was received for the two (2) transactions complained of by the Trustee during the preference period were 88 days and 109 days. The time period from the invoice date to date payment was received for the previous five (5) transactions prior to the preference period (invoiced between September 18, 2017 and December 6, 2017) was 134 days, 99 days, 95 days, 90 days, and 124 days. Kasten exerted zero pressure on Debtor, and instead extended its resources, time, and services so that Debtor could continue fulfilling its work orders.

## Parties

6.     Kasten admits paragraph 6 of the Complaint.

7.     Kasten admits paragraph 7 of the Complaint.

8.     Kasten admits paragraph 8 of the Complaint.

9.     Kasten admits paragraph 9 of the Complaint.

## Case Background

10. Kasten admits paragraph 10 of the Complaint.

11. Kasten admits paragraph 11 of the Complaint.

## Alleged Causes of Action

### Count One - Preferential Transfers under 11 U.S.C. § 547

12. Kasten's pleadings in paragraph 1 through 11 herein are re-alleged in response to this alleged cause of action.

13. Kasten admits paragraph 13 of the Complaint.

14. Kasten lacks knowledge or information sufficient to form a belief about the truth of the Trustee's allegations in paragraph 14 of the Complaint, and therefore denies same.

15. Kasten admits paragraph 15 of the Complaint.

16. Kasten admits paragraph 16 of the Complaint.

17. Kasten admits paragraph 17 of the Complaint.

18. Kasten admits paragraph 18 of the Complaint.

19. Kasten lacks knowledge or information sufficient to form a belief about the truth of the Trustee's allegations in paragraph 19 of the Complaint, and therefore denies same.

20. Regarding paragraph 20 of the Complaint, Kasten admits that a statutory presumption of insolvency exists. Pending discovery from Debtor and the Chapter 7 Trustee, Kasten reserves the right to present evidence which would refute the rebuttable presumption of insolvency, and place the burden of proof on the Trustee.

21. Kasten admits paragraph 21 of the Complaint.

22. Kasten lacks knowledge or information sufficient to form a belief about the truth of the Trustee's allegations in paragraph 22 of the Complaint, and therefore denies same.

23. Kasten denies paragraph 23 of the Complaint.

24. Kasten denies paragraph 24 of the Complaint.

**Count Two – Recovery of Avoided Preferential Transfers under 11 U.S.C. § 550**

25. Kasten's pleadings in paragraph 1 through 24 herein are re-alleged in response to this alleged cause of action.

26. Kasten admits paragraph 26 of the Complaint.

27. Kasten denies paragraph 27 of the Complaint. Because Kasten demands proof from the Trustee of the elements of a preference under Section 547(b), and Kasten asserts affirmative defenses under Section 547(c)(2), Kasten denies that the Trustee may recover the transfers at issue.

**Count Three – Disallowing, Barring, and Expunging the Defendant's Claims Pursuant to 11 U.S.C. § 502**

28. Kasten's pleadings in paragraph 1 through 27 herein are re-alleged in response to this alleged cause of action.

29. Kasten denies paragraph 29 of the Complaint.

30. Kasten admits paragraph 30 of the Complaint. Kasten denies that the Trustee made any demand on Kasten prior to filing this Complaint. Therefore, even if the Trustee could prevail on its causes of action the Trustee is not entitled to recover any attorney's fees against Kasten in connection with this Complaint.

31. Kasten denies paragraph 31 of the Complaint. Because the two (2) transactions at issue are not avoidable, Kasten is entitled to an allowed claim for the three (3) pre-petition transactions not paid by Debtor.

32. Kasten denies paragraph 32 of the Complaint.

### Affirmative Defenses

33. The two (2) transfers at issue were payments of a debt incurred by the Debtor in the ordinary course of business or financial affairs of Koontz-Wagner Custom Controls Holdings LLC and Kasten, and were made in the ordinary course of business or financial affairs of Koontz-Wagner Custom Controls Holdings LLC and Kasten.

34. The two (2) transfers at issue were payments of a debt incurred by the Debtor in the ordinary course of business or financial affairs of Koontz-Wagner Custom Controls Holdings LLC and Kasten, and were made according to ordinary business terms of Koontz-Wagner Custom Controls Holdings LLC and Kasten.

### Request for Relief

35. Defendant denies that Plaintiff is entitled to any of the relief requested in his prayer.

36. Defendant denies every allegation contained in Plaintiff's Complaint not expressly admitted herein. Defendant denies that Plaintiff is entitled to any of the relief expressly requested or implied in his Complaint.

Respectfully submitted,

BY: /s/ H. Gray Burks, IV
H. Gray Burks, IV
State Bar No. 03418320
SHAPIROSCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
Telephone: (713) 462-2565
Facsimile: (847) 879-4854
Email: gburks@logs.com
*Attorneys for Kasten Blasting & Coating LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020 a true and correct copy of the foregoing was sent by CM/ECF electronic service as listed below:

R.J. Shannon
Barron & Newberger, P.C.
7320 N MoPac Expy
Greystone II Suite 400
Austin, TX 78731
***Attorney for Plaintiff***

 /s/ H. Gray Burks, IV
H. Gray Burks, IV